IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HO-CHUNK NATION,

        *Plaintiff*,

    v.

KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES LLC, AND DOES 1-20,

        *Defendants*.

Case No. 3:25-cv-00698

**KALSHI'S MOTION TO EXPEDITE DISCOVERY CONCERNING PLAINTIFF'S PRELIMINARY INJUNCTION MOTION AND TO EXTEND TIME TO RESPOND**

Pursuant to Rules 26, 33, 34, and 6(b) of the Federal Rules of Civil Procedure, Defendants Kalshi Inc. and KalshiEX LLC (together, "Kalshi") hereby move the Court for an Order (a) providing for targeted expedited discovery into facts put at issue by Plaintiff's motion for preliminary injunction (ECF No. 37, the "PI Motion"); (b) extending Kalshi's time to respond to the PI Motion until such expedited discovery is complete; and (c) scheduling an evidentiary hearing in connection with the PI Motion. In the alternative, Kalshi requests an extension of its time to respond to the PI Motion until the later of January 30, 2026, or ten (10) days following the close of discovery under any alternative schedule the Court might set. In support, Kalshi respectfully states as follows:

1. On August 20, 2025, Plaintiff filed the Complaint in this action. ECF No. 1. On November 21, Kalshi moved to dismiss the Complaint pursuant to a stipulated briefing schedule accepted by the Court. ECF No. 28. On December 17, without providing any notice to Kalshi,

two days before Plaintiff's brief in opposition to the motion to dismiss was due, *and nearly four months after filing the Complaint*, Plaintiff filed the PI Motion. ECF No. 37. Plaintiff then filed its opposition to the motion to dismiss two days later. ECF No. 45. Kalshi's reply in support of the motion to dismiss is due on January 12, 2026. ECF No. 36.

2. Kalshi's motion to dismiss tests the legal sufficiency of the pleadings under Rule 12(b). The PI Motion likewise tees up a number of similar legal issues. But the PI Motion goes much further, injecting a number of disputed *factual* issues into Plaintiff's request for emergency injunctive relief. Indeed, in support of the PI Motion, Plaintiff appends five declarations, including two from representatives of the Ho-Chunk Nation (ECF Nos. 40-41); a declaration from a proffered expert witness (which incorporates by reference, and relies upon, a more detailed expert report submitted in an unrelated matter) (ECF No. 42); and proposed findings of fact containing 56 numbered paragraphs (ECF No. 39, "FOF").

3. While Kalshi believes the PI Motion can and should be denied as a matter of law, the fact assertions made by Plaintiff are potentially material and require exploration if the Court intends to consider them in deciding whether to grant the proposed injunction. As set forth in more detail below, the fact issues concern Plaintiff's assertions (a) that it currently competes with Kalshi for business and that Kalshi has caused competitive harm to Plaintiff; (b) that Kalshi is undermining Plaintiff's alleged plan to enter into an "Events Wagering" business in the future, reducing its future revenues; and (c) that Kalshi's conduct has negatively impacted Plaintiff's tribal revenues and operations.

4. At present, Kalshi's opposition to the PI Motion is due on January 7, 2026. Kalshi respectfully submits that the Court's adjudication of Plaintiff's request for injunctive relief would be aided by permitting targeted discovery into the disputed fact issues interposed by the PI Motion.

Kalshi requests that the Court provide for a brief, but realistic, discovery period (as detailed below) that will allow adequate development of the record relevant to the PI Motion, to be followed by Kalshi's opposition to the PI Motion to be submitted on or before March 31, 2026; and an evidentiary hearing to be held as soon thereafter as is practicable for the Court.

5. Kalshi has met-and-conferred with counsel for Plaintiff concerning Kalshi's proposed schedule and structure for the proceedings. Plaintiff does not consent to Kalshi's motion.

## ARGUMENT

A request to expedite discovery is governed by a "good cause" standard. *Hopson v. Google, LLC*, 2023 WL 2733665, at *4 (W.D. Wis. Mar. 31, 2023) (Conley, J.). In deciding a motion for expedited discovery, "[r]elevant factors include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [opposing party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Suzhou Parsun Power Machine Co. v. W. Import Mfg. Distrib. Grp., Ltd.*, 2010 WL 2925894, at *1 (E.D. Wis. July 20, 2010). Some courts in the Seventh Circuit have held that the pendency of a motion for preliminary injunction provides good cause. *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011) ("A pending request for a preliminary injunction is a typical ground that satisfies a good cause standard."). Regardless, each of the factors supports a finding of good cause here.

*First*, Plaintiff's PI Motion is pending before the Court. The pendency of the PI Motion—which seeks substantial relief that would materially and negatively affect Kalshi's business—counsels in favor of permitting expedited discovery. *See* Fed. R. Civ. P. 26 advisory notes; *Roche Diagnostics Corp.*, 2011 WL 130098, at *3; *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520,

521 (E.D. Wis. 2007) (citing "[r]equests for a preliminary injunction" as an "example[] of situations which may warrant expedited discovery").

*Second*, the discovery Kalshi seeks to expedite is targeted solely at the facts put at issue by the PI Motion, as opposed to the kind of plenary discovery that will occur in the case more generally. The discovery sought falls into three basic categories: (a) Plaintiff's assertion that it currently competes with Kalshi for business and that Kalshi has caused competitive harm to Plaintiff; (b) Plaintiff's assertion that Kalshi is causing and will cause harm to Plaintiff's future "Events Wagering" business and is thereby reducing its future revenues; and (c) the impact that Plaintiff claims that Kalshi's conduct will have on tribal governmental operations.

    a.    With respect to competition issues, Plaintiff contends that Kalshi "currently competes with the Nation's existing brick and mortar casinos," that "Kalshi's actions lower the number of consumers traveling to the Nation's casinos," and that consumers choose Kalshi over gaming "on-site at the Nation's casinos." FOF ¶¶ 27-29. In support, Plaintiff cites its expert witness, Brian Wyman.[1] Mr. Wyman's declaration is unaccompanied by any analysis he has conducted in support of these opinions and, in fact, attaches as an exhibit only the analysis that a different purported expert offered in a different case, involving different casinos in a different geographical market.[2]

---

[1] Plaintiff cites paragraph 15 of the Wyman Declaration. However, the Wyman Declaration is only 12 paragraphs long.

[2] That purported expert, Jonathan Chavez, was recently sued by SocialSphere Inc., a company that Mr. Chavez co-founded and where he was serving as Chief Analytics Officer at the time he authored the report appended as Exhibit B to the Wyman Declaration. Complaint, *SocialSphere, Inc. v. Chavez*, Civil Action No. 25-cv-2557 (Mass. Super. Ct. Oct. 15, 2025). SocialSphere has accused Mr. Chavez of defrauding the company, fabricating client deliverables, and, "[f]rom at least 2020 through April 2025"—that is, during the very time period where he authorized the report Mr. Wyman replies upon—providing "datasets and reports that were falsified, inaccurate, or unverifiable." *Id.* at 5. The Wyman Declaration does not state whether Mr. Wyman was aware of these allegations concerning Mr. Chavez when relying on his prior analysis, or what if anything he did to assess the reliability of Mr. Chavez's prior "study."

Before the Court entertains Plaintiff's request for extraordinary relief, Kalshi is entitled to discovery into the bases for Mr. Wyman's opinions and his qualifications to offer them, including through a deposition. In addition, Kalshi anticipates that it will offer the opinions of a rebuttal expert disputing Wyman's opinions, whom Plaintiff may seek to depose.

    b.    With respect to Plaintiff's contemplated "Events Wagering" business, Kalshi is entitled to test Plaintiff's assertion that Kalshi is causing and will cause harm to that business and will reduce Plaintiff's future revenues. Plaintiff asserts that it has "taken steps to conduct Events Wagering at its casinos," though Plaintiff nowhere states when it plans to start conducting "Events Wagering" or whether its Events Wagering business will include sports wagering. FOF ¶ 24. Plaintiff also claims that it "received less favorable terms on its contract with its vendor who will set up an Events Wagering platform." *Id.* ¶ 25. And Plaintiff contends that when—at some undefined point in the future—it launches its Events Wagering platform, it "will directly compete with Kalshi" and that, as a result, Kalshi's conduct impacts Plaintiff's "future revenue" and will cause Plaintiff to "make less revenue than it otherwise would have on its Events Wagering business." *Id.* ¶¶ 26, 30-31. In support of these assertions, Plaintiff cites both Mr. Wyman's opinions and the declaration of Plaintiff's Executive Director of Business, Robert Mudd, who vaguely states that Kalshi "made it difficult" for Plaintiff "to negotiate the payment of a lower provider's fee." ECF No. 41 ¶ 15.

Kalshi is entitled to discovery into the nature and timing of the Events Wagering business that Plaintiff claims it will commence at some unspecified time in the future and that will supposedly directly compete with Kalshi. Kalshi disputes that it was the cause of the "less favorable terms" that Plaintiff allegedly negotiated with its vendor and is entitled to discovery into the terms of the contract Mr. Mudd describes, including the search and negotiation process he

undertook. Kalshi is also entitled to discovery into the basis for Wyman's assertion, unsupported by any analysis, that Kalshi's conduct "will decrease the Nation's profits from event wagering." ECF No. 42 ¶ 10. And Kalshi anticipates that it will offer rebuttal evidence disputing both claims.

      c.     With respect to the alleged impact of Kalshi's conduct on tribal governmental operations, Plaintiff asserts that gaming revenue is the "primary source of revenue funding" its governmental programs and services. FOF ¶ 15. The Mudd Declaration further claims that Plaintiff "uses the revenue it earns from [its] casinos and affiliated businesses to care for its people" and that "[b]y reducing the revenue the Nation will receive, Kalshi is directly impacting the well-being of the people of the Nation" (ECF No. 41 ¶¶ 8, 16), thereby causing Plaintiff irreparable harm. PI Br. at 53, 55. In light of these allegations, Kalshi is entitled to seek discovery into Plaintiff's finances, which Plaintiff has placed directly at issue. In particular, Kalshi will seek discovery into Plaintiff's sources and uses of revenue and the basis for Plaintiff's claim that Kalshi is reducing casino revenues and thereby impacting the "well-being" of Plaintiff's members.

     *Third*, the purpose of seeking expedited discovery is to enable Kalshi to adequately respond to the PI Motion. As Kalshi will explain in further detail in its eventual opposition, the PI Motion seeks relief that would substantially disrupt Kalshi's business as a federally regulated derivatives exchange; cause it to expend millions of dollars in costs that are likely not recoverable for reasons of sovereign immunity; and damage Kalshi's relationships with its customers and business partners. Kalshi should have an opportunity to take limited discovery in order to adequately defend against the PI Motion. This relief is consistent with the approach taken by other district courts in the Seventh Circuit. *See, e.g.*, *Campaignzero, Inc. v. Staywoke Inc.*, 2020 WL 7123066, at *2 (N.D. Ill. Dec. 4, 2020) (permitting limited discovery in connection with pending motion for preliminary injunction and setting briefing schedule); *Zimmer, Inc. v. Stryker Corp.*, 2014 WL

12805045, at *1 (N.D. Ind. Feb. 11, 2014) (granting in part request for limited discovery and stating, "permitting the parties to conduct expedited discovery in advance of the evidentiary hearing on that motion will permit the parties to more fully develop their arguments and will assist the Court in fairly adjudicating the issues before it").

*Fourth*, the limited discovery sought in this motion will not unduly burden Plaintiff. The documentary and deposition discovery (fact and expert) sought by Kalshi will be tailored to the factual issues advanced by Plaintiff in the PI Motion. To the extent Plaintiff experiences any burden associated with these requests, it cannot reasonably complain about that burden being "undue" in light of its request for extraordinary and damaging relief based in part on Plaintiff's own disputed factual assertions. *Duracell U.S. Operations, Inc. v. JRS Ventures, Inc.*, 2018 WL 704686, at *4 (N.D. Ill. Feb. 5, 2018) ("Thus, where a party injects an issue into a case, there can be no legitimate objection to the opponent being able to take appropriate discovery to ascertain the truth of the opponent's allegations.").

*Finally*, Kalshi's request for expedited discovery does not come far in advance of the "typical discovery process." *Campaignzero*, 2020 WL 7123066, at *1. Indeed, the parties' deadline to meet and confer pursuant to Rule 26(f) is this coming Friday, December 26, at which time the parties will be free to begin serving discovery requests. But an expedited schedule is still necessary with respect to the targeted discovery Kalshi seeks relating to the PI Motion because the ordinary discovery process (*e.g.*, 30 days to serve responses and objections to requests for production) is inconsistent with Plaintiff's demand for urgent relief. Kalshi's proposal is consistent with Plaintiff's stated need for emergency relief (however incredible that claim of emergency is in light of Plaintiff's four-month delay in filing the PI Motion), while also protecting

Kalshi's legitimate need for discovery into the various disputed factual assertions on which the PI Motion depends.

Plaintiff can be expected to take the position that expedited discovery is unwarranted in connection with the PI Motion because the issues are primarily legal, and because Plaintiff is allegedly suffering irreparable harm on an ongoing basis, requiring urgent relief. Neither is a persuasive reason to deprive Kalshi of discovery in the PI proceedings.

As to the first, Kalshi agrees that the Court can and should deny the PI Motion on purely legal grounds, just as a federal court recently denied a nearly identical preliminary injunction motion brought by the same counsel on behalf of other Indian tribes. *See Blue Lake Rancheria v. Kalshi Inc.*, 2025 WL 3141202, at *8 (N.D. Cal. Nov. 10, 2025) (denying California tribes' motion for preliminary injunction on IGRA and Lanham Act claims because they had not shown likelihood of success on merits). Kalshi is entitled, however, to defend against *all aspects* of the PI Motion, which unquestionably include disputed factual issues concerning alleged competition matters, Plaintiff's apparent plans for launching its own "Events Wagering" business, and the alleged effects of Kalshi's conduct on tribal governmental operations.[3] Kalshi should not be required to defend against the PI Motion with one hand tied behind its back.

As to any claim by Plaintiff that it is facing daily irreparable harm requiring urgent relief, that position is flatly belied by Plaintiff's own conduct. As noted, Plaintiff filed this action on August 20, 2025. It waited nearly four months to seek a preliminary injunction and did so with no

---

[3] Notably, Plaintiffs in the *Blue Lake Rancheria* case did not raise the kinds of disputed factual issues in their preliminary injunction motion that Plaintiff here has placed squarely at the center of its motion: the *Blue Lake* plaintiffs did not submit any expert evidence in support of their preliminary injunction motion, nor did they assert that Kalshi had negatively impacted contractual terms they had negotiated with a third party or that they were planning to launch an events wagering business at their casinos.

prior notice to Kalshi. Indeed, just days before filing the PI Motion, counsel for Plaintiff conferred with counsel for Kalshi regarding briefing deadlines for the motion to dismiss, without indicating that Plaintiff planned to seek emergency relief. The PI Motion does not allege—nor could it—that facts on the ground have somehow changed in a way that would create an emergency in December that did not exist in August. Nor is there any reason why Plaintiff required four months to prepare its motion. This is hardly the conduct of a plaintiff that is facing an urgent, ongoing emergency requiring extraordinary injunctive relief with no time or opportunity to explore disputed factual issues in discovery.

### KALSHI'S PROPOSED SCHEDULE

In light of the foregoing, Kalshi submits that a short but realistic timetable for discovery into Plaintiff's factual assertions is necessary before the Court adjudicates the PI Motion. An evidentiary hearing is also called for. *See, e.g.*, *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) ("It is well established that, in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone . . . Normally, an evidentiary hearing is required to decide credibility issues."). "If genuine issues of material fact are created by the response to a motion for a preliminary injunction, an evidentiary hearing is indeed required." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997).

Specifically, Kalshi proposes the following schedule (the "Proposed Schedule"):

| | |
|---|---|
| January 2, 2026: | Deadline for initial requests for production of documents |
| January 9, 2026: | Deadline for service of third-party subpoenas and for service of responses and objections to initial requests for production of documents |
| February 13, 2026: | Deadline for substantial completion of document discovery |
| February 27, 2026: | Completion of fact depositions |
| March 13, 2025: | Service of Kalshi's rebuttal expert report(s) |

9

March 20, 2025:      Completion of expert discovery

March 31, 2025:      Deadline for Kalshi's brief in opposition to PI Motion

To be determined:    Evidentiary hearing on PI Motion at Court's convenience

*     *     *

*In the alternative*, should the Court decline to adopt Kalshi's proposed schedule, or determine that some other period of expedited discovery is warranted, Kalshi respectfully requests an extension of its current January 7, 2026 deadline to respond to the PI Motion. As the Court is aware, Kalshi recently requested, and received, a one-week extension for its deadline to file its reply in support of its motion to dismiss, which is now set for January 12, 2026. In addition to that deadline, counsel for Kalshi have a number of deadlines set for the period between the date of this filing and January 7, 2026, as well as in the coming weeks, that render impracticable the existing deadline for opposing the PI Motion. Specifically:

- December 24, 2025: counsel for Kalshi's motion to dismiss due in *Venkatesh v. Gundumogula*, C.A. No. 2025-1216-MTZ (Del. Ch.);

- December 26, 2025: counsel for Kalshi's opening brief regarding appeal of dissolution of preliminary injunction due in *KalshiEX LLC v. Hendrick, et al.*, 25-07516 (9th Cir.);

- January 5, 2026: counsel for Kalshi's reply brief regarding motion to stay in *KalshiEX, LLC v. Hendrick*, 25-07516 (9th Cir.);

- January 12-16: counsel for Kalshi preparing and defending witnesses in three days of depositions in *In re Intuitive Machines, Inc.*, No. 2024-1199-MTZ (Del. Ch.);

- January 26, 2026: counsel for Kalshi's reply brief regarding appeal of denial of preliminary injunction due in *KalshiEX LLC v. John Martin*, 25-01892 (4th Cir.);

- January 30, 2026: counsel for Kalshi's reply brief in support of motion for preliminary injunction due in *KalshiEX LLC v. Cafferelli*, 3:25-cv-02016-VDO (D. Conn.); and

- February 6, 2026: counsel for Kalshi's answering briefs regarding appeal of denial of preliminary injunction due in *Blue Lake Rancheria, et al. v. Kalshi, Inc., et al.*, 25-7504 (9th Cir.).[4]

Accordingly, should the Court decline to so-order the Proposed Schedule, Kalshi requests an extension of its time to oppose the PI Motion until the later of (i) January 30, 2026, or (ii) ten (10) days after the close of discovery in accordance with any alternative schedule the Court orders.

WHEREFORE, Kalshi respectfully requests that the Court enter an Order:

(a) Expediting discovery and setting a deadline for Kalshi to oppose the PI Motion in accordance with the Proposed Schedule;

(b) Setting an evidentiary hearing on the PI Motion as soon as practicable for the Court following completion of the discovery and briefing process set out in the Proposed Schedule;

(c) In the alternative, extending Kalshi's deadline to oppose the PI Motion to the later of (i) January 30, 2026, or (ii) ten (10) days after the close of discovery in accordance with any alternative schedule the Court orders; and

(d) Granting such other relief as is just and proper.

---

[4] Counsel intends to seek a 30-day extension of this deadline, which request will be evaluated in the Ninth Circuit's discretion, as it involves an appeal from the denial of a preliminary injunction motion.

Dated:  December 23, 2025                Respectfully submitted,

                                         By:  /s/ Grant R. Mainland

                                         BOARDMAN & CLARK LLP
                                         Sarah A. Zylstra (State Bar No. 1033159)
                                         szylstra@boardmanclark.com
                                         1 South Pinckney Street, Suite 410
                                         P.O. Box 927
                                         Madison, WI 53701
                                         Telephone: (608) 257-9521
                                         Facsimile: (608) 283-1709

                                         MILBANK LLP
                                         Olivia S. Choe
                                         Joshua B. Sterling
                                         1101 New York Avenue, NW
                                         Washington D.C. 20005
                                         Telephone: 202.835.7500
                                         Facsimile: 202.263.7586
                                         OChoe@milbank.com
                                         JSterling@milbank.com

                                         Grant R. Mainland
                                         Karen Wong
                                         55 Hudson Yards
                                         New York, NY 10001
                                         Telephone: 212.530.5000
                                         Facsimile: 212.530.5219
                                         GMainland@milbank.com
                                         KWong3@milbank.com

                                         *Attorneys for Defendants Kalshi Inc. and KalshiEX LLC*