**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

HO-CHUNK NATION,

      *Plaintiff*,

    v.

KALSHI INC., KALSHIEX LLC,
ROBINHOOD MARKETS, INC.,
ROBINHOOD DERIVATIVES LLC, AND
DOES 1-20,

      *Defendants*.

Case No. 3:25-cv-00698-wmc

<u>JOINT REPORT OF PARTIES</u>
<u>AND PROPOSED SCHEDULING AND DISCOVERY PLAN</u>

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Ho-Chunk Nation (the "Nation") and Defendants Kalshi Inc., KalshiEX LLC (together, "<u>Kalshi</u>"), Robinhood Markets, Inc., and Robinhood Derivatives, LLC (together, "<u>Robinhood</u>" and with Kalshi, "<u>Defendants</u>"), hereby submit this Proposed Joint Discovery Plan. The Parties have agreed on the matters addressed below, except where specific disagreements are noted.

The pretrial conference in this matter is scheduled for January 8, 2026 at 3:30 p.m. before United States Magistrate Judge Anita Marie Boor, and will take place by phone.

**I.** **The Parties agree to the following joint statement.**

    **A.** **Brief Statement of the nature of the case**

The Nation's position: The Nation brought suit against Kalshi after Kalshi began conducting sports betting nationwide, including on the Nation's Indian lands and advertising that its platform made sports betting legal in all 50 states. The Nation alleges that Kalshi is violating the Indian Gaming Regulatory Act ("<u>IGRA</u>") (Count I) and Plaintiff's gaming ordinance (Count

II) because sports betting is class III gaming and both IGRA and the Nation's gaming ordinance, passed according to IGRA, prohibit Kalshi's conduct. The Nation also alleges that Kashi infringes upon its sovereignty by coming onto its land and violating both federal law and the Nation's gaming ordinance when it conducts class III gaming.. The Nation alleges that all defendants violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") by acting together to offer illegal gambling through the use of the wires (Count III). Finally, the Nation alleges that Kalshi falsely advertises its conduct as legal sports betting, violating the Lanham Act (Count V).

Defendants' position:  Defendants deny that sports event contracts constitute illegal gambling or class III gaming.  Kalshi also denies that it has violated IGRA (Count I) or the Nation's gaming ordinance (Count II), and Defendants deny that they have violated RICO (Count III).  Kalshi further denies that it has infringed the Nation's sovereignty or interfered with its self-governance (Count IV).  Kalshi further denies that it has violated the Lanham Act through false advertising (Count V).  Kalshi and Robinhood have filed Motions to Dismiss, which are not yet fully briefed.

**B.    Names of Related Cases:**

The Nation's position: Kalshi has sued several states claiming not to be subject to their gaming laws. *KalshiEX LLC v. Hendrick,* No. 2:25-CV-00575 (D. Nev.); *KalshiEX LLC v. Martin*, No. 1:25-CV-01283 (D. Md.); *KalshiEX LLC v. Flaherty,* No. 25-CV-02152, (D. N.J.); *KalshiEX LLC v. Schuler,* No. 2:25-CV-01165 (S.D. Ohio); *KalshiEX LLC v. Cafferelli,* No. 3:25-CV-02016 (D. Ct.); *KalshiEX LLC v. Williams,* No. 1:25-CV-08846 (S.D.N.Y.); *Massachusetts v. KalshEX LLC,* No. 2584-CV-02525 (Suffolk County, Mass. Sup. Ct.).

Defendants' position: Other tribes have asserted some similar claims against Defendants in *Blue Lake Rancheria v. Kalshi, Inc.*, No. 3:25-cv-06162 (N.D. Cal.).

**C.    Statement of material factual and legal issues to be resolved:**

The material factual and legal issues that the Nation contends must be resolved include:

1.    Whether Kalshi engages in class III gaming activity on the Nation's Indian lands in violation of a Tribal-State Compact entered into under 25 U.S.C. § 2710(d)(3) when it allows the public to use its platform to "bet on anything" including sports on the Nation's Indian lands.

2.    Whether this Court should alter or limit IGRA, Wisconsin law, and the Nation's Tribal-State Compact, in violation of the rules of construction Congress set in the Unlawful Internet Gambling Enforcement Act ("UIGEA"), to hold that UIGEA rather than IGRA, governs Kalshi's sports betting for individuals using Kalshi's platform to bet on sports, and other forms of Event Wagering as defined in the Nation's Tribal-State Compact, while located on the Nation's Indian lands.

3.    Whether Kalshi can list event contracts that Kalshi self-certified if those event contracts involve, relate to, or reference gaming in violation of 17 C.F.R. § 40.11(a).

4.    Whether Kalshi is violating the Nation's sovereignty when Kalshi violates the Nation's congressionally-mandated gaming ordinance through conduct on the Nation's sovereign lands.

5.    Whether the Nation's sales or reputation have been injured by Kalshi advertising its sports betting as legal.

6.    Whether advertisements stating that Kalshi's sports betting platform is legal are actionable under the Lanham Act as false statements of fact when Kalshi : (a)insists that it is not conducting sports betting but rather, selling a swap through a contract market designated by the CFTC, (b) insists that there are "crucial differences" between Kalshi's conduct in operating a financial exchange and a sports book, and (c) has already told other courts that such conduct would not be allowed under the Special Rule to the Commodity Exchange Act.

7.    Whether Defendants are engaged in an association-in-fact enterprise under RICO.

8.    Whether Defendants have engaged in at least two predicate acts of wire fraud, violations of the Wire Act, 18 U.S.C. § 1084, or violations of 18 U.S.C. § 1955, through their conducting illegal class III gaming.

9.    Whether the Nation has suffered injuries as a result of the Defendants' gaming racket infringing on the Nation's monopoly on class III gaming on the Nation's Indian lands.

The material factual and legal issues that Defendants contend must be resolved include:

1.    Whether IGRA provides Plaintiff with a statutory right of action against

private third parties.

2.    Whether Kalshi could have violated the provisions of a tribal-state compact to which it is not a party and that governs only the conduct of the parties to the compact, Plaintiff and the State of Wisconsin.

3.    Whether Kalshi has engaged in "conduct" located "on Indian lands" as those terms are used in IGRA.

4.    Whether the Unlawful Internet Gambling Enforcement Act ("UIGEA"), rather than IGRA, governs alleged gaming activity that occurs over the internet and can be accessed on Indian lands.

5.    Whether transactions that are conducted on a contract market ("DCM") designated by the Commodity Futures Trading Commission ("CFTC") fall within the definition of "unlawful Internet gambling" under UIGEA.

6.    Whether Kalshi's self-certifications of its event contracts comply with the Commodity Exchange Act ("CEA") and CFTC regulations.

7.    Whether Plaintiff has sovereign authority to seek to enforce its ordinance against Kalshi, a non-tribal business conducted over the internet.

8.    Whether the CEA, a statute of general applicability establishing a comprehensive federal regulatory scheme, preempts Plaintiff's ordinance, or vice versa.

9.    Whether Kalshi draws business away from Plaintiff's casinos.

10.   Whether Plaintiff's sales or reputation have been injured by Kalshi advertising its sports event contracts as legal.

11.   Whether advertisements stating that Kalshi's sports event contracts are legal are actionable under the Lanham Act as false statements of fact.

12.   Whether Defendants are engaged in an association-in-fact enterprise under RICO.

13.   Whether Defendants have engaged in wire fraud.

14.   Whether Defendants have violated the Wire Act, 18 U.S.C. § 1084, through the offering of Kalshi's sports event contracts on a DCM.

15.   Whether Defendants have violated 18 U.S.C. § 1955 through the offering of Kalshi's sports event contracts on a DCM.

16.   Whether Plaintiff has suffered a cognizable injury under RICO as a result of the offering of Kalshi's sports event contracts on a DCM.

**D.**     **Amendment of pleadings:** Defendants have moved to dismiss the complaint with prejudice. The Nation has moved for a preliminary injunction. The Nation may seek leave to amend its complaint depending on how this Court rules on those pending motions. Defendants reserve the right to object to any request to amend the pleadings.

**E.**     **Joining of other parties:** Defendants have moved to dismiss the complaint with prejudice. The Nation has moved for a preliminary injunction. The Nation may seek leave to amend its complaint to join other parties depending on how this Court rules on those pending motions. Defendants reserve the right to object to any request to join other parties.

**F.**     **Estimated length of trial:** 1-2 weeks.

**G.**     **Statement of Other Issues That Might Impact Trial Schedule:**

The Nation: The Nation and its counsel will prioritize and plan ahead to meet deadlines as set by this Court.

Defendants: Kalshi and its undersigned counsel are currently litigating similar issues in approximately twenty other courts, while Robinhood and its undersigned counsel are engaged in a variety of such litigations as well; those courts may schedule trials and dispositive motions conflicting with the trial schedule in the present action.

## II.     DISCOVERY PLAN

The Parties agree to the following discovery plan:

**A.**     **Initial disclosures:** The Parties will make initial disclosures on January 22, 2026, two weeks after the January 8, 2026 preliminary pretrial conference.

**B.**     **Discovery schedule/deadlines:** The Parties propose the following deadlines for the Court's consideration:

     **1.**     The Nation may amend pleadings on or before three weeks after the Court's decision on the Motions to Dismiss;

     **2.**     Experts:

         a.     Proponent: July 17, 2026

         b.     Respondent: August 14, 2026

         c.     Rebuttal: September 11, 2026

     **3.**     Dispositive motions:

       a.        Opening briefs must be filed and served by October 2, 2026;

       b.        Opposition briefs must be filed and served by October 30, 2026;

       c.        Reply briefs must be filed and served by November 20, 2026.

**4.**    All discovery must be completed on or before April 6, 2027;

**5.**    Settlement Letters must be filed on or before April 13, 2027;

**6.**    Final Pretrial Submissions (Rule 26(a)(3) disclosures and motions *in limine*) must be filed on or before April 20, 2027;

**7.**    Responsive Final Pretrial Submissions must be filed on or before May 4, 2027;

**8.**    First Final Pretrial Conference should occur on May 10, 2027;

**9.**    Second Final Pretrial Conference should occur on May 17, 2027; and

**10.**    Trial should begin on May 24, 2027.

**C.**    **Discovery of Electronically Stored Information**

With respect to any electronically stored information sought in discovery, the Parties will meet and confer to establish a mutually agreeable protocol for the collection and production of electronically stored information. There are no disagreements regarding the discovery of electronically stored information at this time.

**D.**    **Limitations on Discovery**

The Parties do not currently seek any changes to the discovery rules or existing limitations in the federal rules, but reserve the right to seek leave of Court to request appropriate changes if necessary. To the extent that discovery disputes arise, the Parties will attempt to resolve those disputes before involving the Court.

**E.**    **Protective Orders**

The Parties anticipate seeking a protective order and will separately meet and confer to draft and submit a stipulated protective order consistent with Fed. R. Civ. P. 26(c) for this Court's

review.

**F.    Other Orders**

At this early stage in the litigation, the Parties are not aware of any other orders that the

Court may need to issue under Rule 16 or Rule 26(c).

Dated:  January 2, 2026

By: */s/ Emily M. Feinstein*
QUARLES & BRADY LLP
Emily M. Feinstein
Bryce A. Loken
33 East Main Street, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Facsimile: 608.251.9166
Emily.Feinstein@quarles.com
Bryce.Loken@quarles.com

THE LAW OFFICES OF RAPPORT AND
MARSTON
Lester J. Marston
Cooper M. DeMarse
405 West Perkins Street
Ukiah, CA 95482
Telephone: 707.462.6846
Facsimile: 707.462.4235
ljmarston@rmlawoffice.net

THE HO-CHUNK NATION
Michael P. Murphy, Legislative Counsel for
Ho-Chunk Nation
P.O. Box 667
Black River Falls, WI 54615
Telephone: 715.284.9343
Michael.Murphy@ho-chunk.com

Attorneys for Plaintiff HO-CHUNK NATION


Dated:  January 2, 2026

Respectfully Submitted

By:*/s/ Sarah A. Zylstra*
BOARDMAN & CLARK LLP
Sarah A. Zylstra (State Bar No. 1033159)
szylstra@boardmanclark.com
1 South Pinckney Street, Suite 410
P.O. Box 927
Madison, WI 53701
Telephone: (608) 257-9521
Facsimile: (608) 283-1709

MILBANK LLP
Olivia S. Choe
Joshua B. Sterling
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586
OChoe@milbank.com
JSterling@milbank.com

Grant R. Mainland
Karen Wong
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219
GMainland@milbank.com
KWong3@milbank.com

*Attorneys for Defendants Kalshi Inc. and KalshiEX LLC*

/s/ Jessica Hutson
REINHART BOERNER VAN DEUREN S.C.
Jessica Hutson Polakowski (State Bar
No. 1061368)
jpolakowski@reinhartlaw.com
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel:  (608) 229-2200

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Brittany L. Sukiennik (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel:  (212) 474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

LEHOTSKY KELLER COHN LLP
Mithun Mansinghani (*pro hac vice*)
629 W. Main Street
Oklahoma City, OK 73102
Tel:  (512) 693-8350
mithun@lkcfirm.com

*Attorneys for Defendants Robinhood Markets,
Inc. and Robinhood Derivatives, LLC*