**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HO-CHUNK NATION,<br><br>    *Plaintiff*,<br><br>  v.<br><br>KALSHI INC., KALSHIEX LLC,<br>ROBINHOOD MARKETS, INC.,<br>ROBINHOOD DERIVATIVES LLC, AND<br>DOES 1-20,<br><br>    *Defendants*. | Case No. 3:25-cv-00698<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this action, Ho-Chunk Nation, Kalshi Inc., KalshiEX LLC, Robinhood Markets, Inc., and Robinhood Derivatives, LLC (the "Parties"), by and through their respective legal counsel, hereby stipulate and request that the following Protective Order be entered by the Court in the above-entitled action.

WHEREAS, it is anticipated that the Parties and nonparties will be producing business records and other information during the discovery phase of this litigation;

WHEREAS, the Parties assert that certain documents and information subject to discovery contain sensitive information relating to the Parties' or nonparties' trade secrets, agreements, amount or source of income, losses, expenditures, marketing, sales, purchases, pricing, transfers, or other kinds of commercially sensitive information;

WHEREAS, in the ordinary course of their respective businesses, the Parties and/or nonparties make significant efforts to keep such information confidential from competitors, customers, and the public at large, as disclosure of such information would likely have the effect of harming the competitive position of the Producing Party;

WHEREAS, the Parties agree that it may be necessary to transmit personally identifying information, personal financial information, or other sensitive information pertaining to the Parties or nonparties for which the Parties and/or others have an expectation of privacy;

WHEREAS, there are numerous federal and state laws, regulations and guidance that may require protection of the security and confidentiality of personal information of the Parties and nonparties;

WHEREAS, the Parties have agreed that it would be burdensome and impractical to determine protected status with the Court on a document by document basis as having to do so would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, the exchange of sensitive information between the Parties and/or nonparties other than in accordance with this Order may cause unnecessary damage and injury to the Parties and to others;

WHEREAS, the Parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order;

It is therefore ORDERED as follows:

1.      The Court finds it necessary for the Parties to exchange information and documents between each other and involving nonparties that are personal, private, privileged, or confidential under state or federal law.

2.      The provisions of this Order shall apply to not only Protected Information (as defined below), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Information.

This Order shall govern all depositions, productions of documents and things, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any other information that a Producing Party may designate as protected in connection with this action. Any use of Protected Information at trial shall be governed by a separate agreement or order. This Order is binding upon the Parties, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Order.

3.      Subpoenaed nonparties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

4.      "Producing Party" means any Party or nonparty who may disclose or produce information in this action, *e.g.*, in response to a subpoena.

5.      "Receiving Party" means any Party or nonparty who may receive information disclosed or produced in this action.

6.      "Challenging Party" means any Party or nonparty who challenges the designation of information or items under this Order.

7.      "Confidential Information" means all information and things in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, note, information contained in a document, information revealed during a deposition, inspection, audit, information revealed in responses to discovery requests or otherwise:

    a.      which is designated as such by the Producing Party; and

    b.      which constitutes, describes, or relates to information (including trade secrets, processes, operations, documents, agreements with nonparties,

identification of personal information of customers, employees, claimants or nonparties, amount or source of income, financial information, losses, expenditures, marketing, sales, purchases, pricing or transfers of the Producing Party, or other information) the disclosure of which (i) is likely to have the effect of harming the competitive position of the Producing Party, or (ii) would violate an obligation of confidentiality to a nonparty, including a court, or (iii) contains personally identifying information, personal financial information or other sensitive information pertaining to the Producing Party or a nonparty for which the Party or nonparty has an expectation of privacy.

Information will not be deemed confidential if the content or substance thereof is, at the time of production or disclosure, or subsequently becomes, through no act or failure to act on the part of a Receiving Party, generally available to the relevant public through publication or otherwise; or is disclosed to the Receiving Party by a nonparty without breach of an obligation of confidence to the Producing Party.  The terms and provisions of this Order are not Confidential Information.

8.    "Confidential – Outside Counsel Only Information" means confidential information that is designated as such by the Producing Party for the purpose of negotiating limited access to particularly sensitive confidential information.

9.    "Protected Information" means Confidential Information and Confidential – Outside Counsel Only Information.

10.    "Outside Counsel" means the attorneys of record for the Parties in this action, other attorneys who are members or employees of the law firms of the attorneys of record but who are

not themselves of record, and any personnel who are employees of the law firms of the attorneys of record to whom it is necessary to disclose Confidential Information for purposes of this action.

11.    "Outside Consultant" means a person who is not employed by a Party, but who is retained by a Party or its Outside Counsel in connection with this action (*e.g.*, accountants, statisticians, economists, technical consultants or experts, or other experts) and has executed an undertaking to be bound by the provisions of this Order in substantially the form of Exhibit A attached hereto, including the specific undertaking to instruct any employees who have access to Protected Information about their duty not to use or disclose such information. All Outside Consultants seeking access to Protected Information shall complete the enclosed Exhibit A.

12.    "Litigation Vendor" means a company that:

a.    is independent of the Parties;

b.    is engaged by a Party or its Outside Counsel to perform data governance, technology, forensics or discovery services, or clerical-type or trial presentation services (*e.g.*, photocopying, imaging, computer data entry, demonstrative aid services and the like) in connection with this action; and

c.    has executed an undertaking to be bound by the provisions of this Order in substantially the form of Exhibit A attached hereto, including the specific undertaking to instruct its employees who have access to Protected Information about their duty not to use or disclose such information.

13.    "Other Qualified Persons" means:

a.    the Court, including any magistrate judge, court-ordered mediators or mediators agreed to by the Parties in writing, and any members of the Court or such

5

mediators' staffs to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this action;

b.      stenographic employees, videographers, and court reporters recording or transcribing testimony in this action; and

c.      any person who is so designated (i) by order of the Court after notice and an opportunity to be heard to all parties, or (ii) by agreement of the Producing Party, and who has signed a document in substantially the form of Exhibit A attached hereto.

14.     Written Protected Information, including documents and interrogatory answers, produced by a Producing Party shall, if appropriate and where possible, be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by marking at least the first page of the document and, wherever possible, each subsequent page thereof containing Protected Information as follows: "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

15.     Data produced in electronic form may be designated by marking the data storage medium as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY". Information being designated as Protected Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Producing Party in writing to the Receiving Party at the time of production.  If the Receiving Party or Outside Counsel prints or otherwise creates a copy of electronic data containing Protected Information, the Receiving Party or Outside Counsel shall ensure the copy is appropriately labeled as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

16.    Any material produced or provided in this action for inspection is to be treated by the Receiving Party as Confidential – Outside Counsel Only Information pending the copying and delivery of any copies of same by the Producing Party to the Receiving Party, at which point any copy shall be designated as necessary.

17.    Information disclosed at a deposition taken in connection with this proceeding may be designated as Confidential Information or Confidential – Outside Counsel Only Information by:

a.    any Producing Party designating testimony as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 14, above; or

b.    any Producing Party notifying all other Parties in writing, within 21 days after a deposition, of specific pages and lines of the transcript which are designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" whereupon each Party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that Party's possession, custody, or control.

c.    If it appears that substantial portions of the testimony may qualify for "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" protection, the Designating Party may, at least one business day prior to a given deposition, request that all testimony in a given deposition be provisionally treated as Confidential – Outside Counsel Only Information up to and through the 21-day period for designation. Following the 21-day designation period, only deposition testimony specifically designated pursuant to paragraphs 17(a) and 17(b) above will be so treated.

18.    A Receiving Party may use Protected Information that is disclosed or produced by another Producing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Persons having knowledge of Protected Information by virtue of their participation in the conduct of this action shall neither use such Protected Information for any other purpose nor disclose such Protected Information to any person who is not listed in paragraphs 19 or 20 of this Order, as applicable, subject to the provisions of paragraphs 21 and 22.  Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.  The Parties agree that, with regard to Protected Information that consists of customer personal identifying information ("PII") or aggregated trading data, including any account information, the Receiving Party shall take all reasonable steps to secure the information consistent with the obligations of financial services companies, including under the Gramm-Leach-Bliley Act and Regulation S-P.

19.    Confidential Information shall be disclosed by any Receiving Party only to the following persons: the Parties, representatives of the Parties only to whom it is necessary to disclose Confidential Information for purposes of this action; Outside Counsel; Outside Consultants; Litigation Vendors; Other Qualified Persons; and the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.

20.    Confidential – Outside Counsel Only Information shall be disclosed by any Receiving Party only to the following persons: Outside Counsel; Outside Consultants; Litigation

Vendors; Other Qualified Persons; and the author(s), addressee(s), or recipient(s) of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position.  For the avoidance of doubt, this information shall not be disclosed to a Party or representative of a Party, including any in-house counsel of the Party, except as permitted by the Producing Party.

21.    Disclosure of Protected Information beyond the terms of this Order may be made only if the Producing Party consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

22.    Any Party that is served with a subpoena or other notice compelling the production of any Protected Information produced by another party must: (a) promptly, and in any event within three (3) business days, give written notice of such subpoena or other notice, including a copy of the relevant portion of such subpoena or other notice, to the original Producing Party; (b) promptly notify in writing the party who caused the subpoena or other notice to issue that some or all of the material covered is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party.  If the Producing Party timely seeks a protective order, the Party served shall not produce any Protected Information before a determination by the court from which the protective order was sought, unless the Producing Party consents.  The Producing Party shall bear the burden and expense to oppose, if it deems appropriate, the subpoena on the grounds of confidentiality.  Nothing in these provisions should be construed as prohibiting a Producing Party from seeking additional protections.

23.    In the event that a Producing Party is required, by a valid discovery request in this proceeding, to produce a nonparty's confidential information in its possession, and the Producing Party is subject to an agreement with the nonparty not to produce the nonparty's confidential

information, then the Producing Party shall: (a) promptly notify in writing the Party requesting the information that some or all of the information requested is subject to a confidentiality agreement with a nonparty; (b) promptly provide the nonparty with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the nonparty.  If the nonparty fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the nonparty's confidential information responsive to the discovery request. If the nonparty timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the nonparty before a determination by the Court. Absent a court order to the contrary, the nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Information.

24.    The Parties and their counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and, subject to the provisions of paragraphs 21 and 22, will limit access to Confidential Information to those persons listed in paragraph 19.

25.    Outside Counsel shall take all reasonable and necessary steps to assure the security of any Confidential – Outside Counsel Only Information and, subject to the provisions of paragraphs 21 and 22, will limit access to Confidential – Outside Counsel Only Information to those persons listed in paragraph 20.

26.    Prior to the disclosure of any Protected Information to any person identified in paragraphs 19 or 20 above other than Outside Counsel, the Court and its staff, or stenographic employees, videographers and court reporters recording or transcribing testimony, such person shall be provided with a copy of this Order and execute an undertaking to be bound by the

provisions of this Order in substantially the form of Exhibit A attached hereto. A file of all written acknowledgements by persons who have read this Protective Order and agreed in writing, in substantially the form attached hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come into contact with Protected Information for clerical or administrative purposes pursuant to the direction of a person identified in paragraphs 19 or 20 and who do not retain copies or extracts thereof, are not required to execute any undertaking.

27.    Production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature and the parties shall take all steps reasonably required to assure its continued confidentiality.

28.    Absent notice to and permission from the Producing Party, any person authorized to have access to Confidential Material identified in paragraphs 19 or 20 shall not submit Confidential Material to any artificial intelligence ("AI") tool (e.g. ChatGPT, Gemini) or any substantially similar tool, where such material may be disclosed to any person not authorized to access Confidential Material under this Order or used to train any AI-based model that may be used by an unauthorized third party. Providing Confidential Material to such a service is considered unauthorized disclosure and is strictly prohibited. Before a Receiving Party submits Confidential Material to any AI tool, the Receiving Party shall take reasonable steps to ensure that the tool is not accessible to any unauthorized third party, is used in a secure, controlled environment only for purposes of this Action, has the ability to track all information in the system (including access), and does not allow access to Protected Material by any person or software for algorithmic training. A Receiving Party is not prohibited from submitting Protected Material to

services leveraging AI technology that exists in a fully containerized environment, including, but not limited to, Harvey, Relativity aiR,  Lexis+ AI, and Lighthouse AI. For purposes of clarity, "fully containerized," means an AI tool that does not share the substance of a prompt or documents reviewed to any public system or network for the purpose of analysis, use, training of large language models, or the generation of text outputs in response to queries, or use the substance of a prompt or documents reviewed in any other matter or inquiry other than this Action.  Should a Party elect to utilize AI to assist in the review, analysis, or summarization of discovery material produced or exchanged in this litigation, the Party shall take all necessary steps to ensure that the AI application, service, or analytical software is fully containerized, has the ability to track all information in the system (including access), does not otherwise allow access to discovery material produced or exchanged in this litigation by any person or software for subsequent algorithmic training, and gives the Receiving Party the capability to delete all discovery material from the tool upon its request. The Receiving Party will be responsible for destroying such discovery material from such AI tools at the conclusion of the Action. For the avoidance of doubt, this restriction expressly applies to the use of non-containerized advanced large language models, "generative" AI tools, and other advanced AI systems, including, but not limited to, OpenAI, Gemini, LLAMA, MidJourney, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, including, but not limited to, Harvey, Relativity aiR, DISCO Cecelia, Everlaw AI, Syllo, Alchemy, Lexis+ AI, Epiq AIDA, and Lighthouse AI. The obligations and restrictions of this paragraph apply even where the Protected Material has been anonymized.

29.    A Producing Party may designate or redesignate a document or information that was inadvertently or otherwise produced without the appropriate designation as Confidential

Information or Confidential – Outside Counsel Only Information at any time. Such designation shall be accomplished by notifying counsel for each Receiving Party in writing of such designation and reproducing documents with the appropriate designation as applicable. Upon receipt of any such notice, each Receiving Party shall: (i) not make any further disclosure or communication of such Protected Information except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any Protected Information of the treatment of such material required under this Order; and (iii) promptly endeavor to procure all copies of such Protected Information from any persons known to have possession who are not entitled to receipt under the applicable paragraph governing disclosure (either paragraph 19 or 20 above). Disclosure of the document or information prior to such notice shall not be deemed a violation of this Order.

30.     The production of any attorney-client privileged materials or other materials exempt from production by any legal protection or privilege by any Producing Party, whether inadvertent or not, shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof, in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Each Producing Party reserves the right to redesignate as privileged or work product or exempt from production any materials that it inadvertently or otherwise produces. Upon receiving written notice, Receiving Parties who have received materials redesignated as privileged work product, or exempt from production shall, within five (5) business days, return, sequester, or destroy all copies of such materials in accordance with Fed. R. Civ. P. 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of materials redesignated as privileged, work product, or exempt from production which were

transmitted to other persons, firms, or entities.  Any Receiving Party that discovers it has received what it thinks may be inadvertently produced information that is privileged, work product, or otherwise exempt from production must promptly inform the Producing Party.

31.     Any Receiving Party may request at any time permission to disclose Protected Information to a person other than those permitted under paragraphs 19 or 20, as applicable, or to use such information in a manner prohibited by this Order, by serving a written request upon the Producing Party's counsel.  Any such request shall state the Protected Information the Receiving Party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor.  The Producing Party or its counsel shall thereafter respond to the request in writing (which shall include email) as soon as practicable, and no later than within three (3) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent is being withheld.

32.     Any Party may object to the propriety of a designation of Protected Information by serving a written objection upon the Producing Party's counsel.  The Challenging Party's written objection shall identify each designation it is challenging and describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Producing Party or its counsel shall respond within five (5) business days to such objection in writing by either: (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation.

33.     In the event of a disagreement regarding a designation of Protected Information, the Parties shall try to resolve the dispute in good faith on an informal basis.  (The Parties are strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of

particular documents or to agree that certain specified persons may be given access to particular protected information.)  If the dispute cannot be resolved, the Challenging Party may request appropriate relief from the Court.  It will be the burden of the Producing Party to show that the information has been properly designated.  Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise.

34.     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any Party's attorneys from rendering advice to its clients with respect to this action and, in the course thereof, relying upon Protected Information, provided that in rendering such advice, the attorneys shall not disclose any Protected Information other than in a manner provided for in this Protective Order.

35.     No document or thing containing Protected Information shall be filed with this Court unless it is filed under seal in accordance with the Court's procedures.  The Parties are hereby authorized to file submissions containing Protected Information under seal pursuant to Western District of Wisconsin Administrative Order No. 337.  The Parties shall comply with all service requirements for documents or things filed under seal.

36.     Any Receiving Party that knows that it intends to present Protected Information at trial, or during any pre- or post-trial hearing, shall, to the extent practical, first notify the Court and the Producing Party with a reasonable amount of time in advance.  The Parties shall work together to fashion appropriate measures to limit the disclosure of such Protected Information.  The Court shall issue any relief it finds necessary, upon motion or agreement of the Parties, prior to trial or to the hearing in open court.  Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

37.     Upon the conclusion of the litigation, including any appeals, the Parties shall exercise due diligence and make reasonable efforts to, within sixty (60) days, return or destroy paper documents, and delete without the option of recovery electronic documents saved to the Parties' and their counsel's network servers, document management systems and litigation support software databases, all Protected Information received from other parties not received in evidence or filed with the Court.  Counsel for the Parties may retain copies of any depositions, motions, briefs, and any other court-filed documents, and their work product containing Protected Information.  Notwithstanding any provision in this Order, a Party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order, provided, however, that no Party shall disclose or use any Protected Information contained therein, except as otherwise authorized hereunder.  In addition, the Parties and their counsel may retain and disclose documents, materials or information designated as Protected Information to the extent required or allowed by any statute, regulation, regulatory practice or guidance, court order or rule.

38.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures and provide to such party all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve improperly disclosed Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Parties agree to meet and confer to reasonably discuss whether any additional remedy or procedure may be appropriate for an unauthorized disclosure. The foregoing does not preclude a Party from

seeking appropriate relief from the Court should the Parties fail to reach agreement regarding the unauthorized disclosure.

39.     Nothing contained in this Protective Order shall preclude any party from using its own Protected Information in any manner it sees fit, without prior consent of any party or the Court.

40.     This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties hereto, any nonparty who invokes the terms of this Order, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.  The termination of proceedings in this action shall not relieve any person to whom protected information was disclosed from the obligations of maintaining the confidentiality of such information in accordance with the provisions of this Order.

41.     This Order shall be without prejudice to the right of the parties to request additional protection under state or federal law for discovery requests made hereafter by any Party.

Dated:  February 4, 2026

*/s/ Bryce A. Loken*
QUARLES & BRADY LLP
Emily M. Feinstein
Bryce A. Loken
33 East Main Street, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Facsimile: 608.251.9166
Emily.Feinstein@quarles.com
Bryce.Loken@quarles.com

THE LAW OFFICES OF RAPPORT AND
MARSTON
Lester J. Marston
Cooper M. DeMarse
405 West Perkins Street
Ukiah, CA 95482
Telephone: 707.462.6846
Facsimile: 707.462.4235
ljmarston@rmlawoffice.net

THE HO-CHUNK NATION
Michael P. Murphy, Legislative Counsel for Ho-Chunk
Nation
P.O. Box 667
Black River Falls, WI 54615
Telephone: 715.284.9343
Michael.Murphy@ho-chunk.com

*Attorneys for Plaintiff Ho-Chunk Nation*

*/s/ Sarah A. Zylstra*
BOARDMAN & CLARK LLP
Sarah A. Zylstra (State Bar No. 1033159)
szylstra@boardmanclark.com
1 South Pinckney Street, Suite 410
P.O. Box 927
Madison, WI 53701
Telephone: (608) 257-9521
Facsimile: (608) 283-1709

18

MILBANK LLP
Olivia S. Choe
Joshua B. Sterling
1101 New York Avenue, NW
Washington D.C. 20005
Telephone: 202.835.7500
Facsimile: 202.263.7586
OChoe@milbank.com
JSterling@milbank.com

Grant R. Mainland
Karen Wong
Victor Hollenberg
55 Hudson Yards
New York, NY 10001
Telephone: 212.530.5000
Facsimile: 212.530.5219
GMainland@milbank.com
KWong3@milbank.com
VHollenberg@milbank.com

*Attorneys for Defendants Kalshi Inc. and KalshiEX LLC*

*/s/ Jessica Hutson Polakowski*
REINHART BOERNER VAN DEUREN S.C.
Jessica Hutson Polakowski (State Bar No. 1061368)
jpolakowski@reinhartlaw.com
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel:    (608) 229-2200

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Brittany L. Sukiennik (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
Tel: (212)-474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

LEHOTSKY KELLER COHN LLP
Mithun Mansignhani (*pro hac vice*)
629 W. Main Street
Oklahoma City, OK 73102
Tel: (512) 693-8350
mithun@lkcfirm.com

*Attorneys for Defendants Robinhood Markets, Inc. and Robinhood Derivatives, LLC*

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

HO-CHUNK NATION,

    *Plaintiff*,

  v.

KALSHI INC., KALSHIEX LLC,
ROBINHOOD MARKETS, INC.,
ROBINHOOD DERIVATIVES LLC, AND
DOES 1-20,

    *Defendants*.

Case No. 3:25-cv-00698

## UNDERTAKING PURSUANT TO AGREED
## CONFIDENTIALITY/PROTECTIVE ORDER

  1.  I, the person named below, declare that the following information is true:

    a.  Name: _____

    b.  Address: _____

    c.  Employer name and address: _____

         _____

    d.  Title/Occupation: _____

  2.  I have received a copy of the Stipulated Protective Order ("the Protective Order")

in this action.

3.      I have carefully read and understand the provisions of the Protective Order.  I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Protected Information received, except in accordance with the terms of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4.      I agree to notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order.

5.      I understand that I am to retain all copies of any of the Protected Information that I receive in a safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all Protected Information that comes into my possession to counsel for the party by whom I am retained or destroy it.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

5.      I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.


EXECUTED UNDER PENALTY OF PERJURY on _____, in the State of

_____.


_____

(SIGNATURE)


22