# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| HO-CHUNK NATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25-cv-698 |
| | ) | |
| v. | ) | |
| | ) | |
| KALSHI INC., KALSHIEX LLC, | ) | |
| ROBINHOOD MARKETS, INC., | ) | |
| ROBINHOOD DERIVATIVES LLC, | ) | |
| and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF HO-CHUNK NATION'S OBJECTION TO KALSHI INC.'S AND KALSHIEX LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY

The Ho-Chunk Nation (the "Nation"), by and through its respective counsel, objects to Defendants Kalshi, Inc. and KalshiEX LLC's (collectively "Kalshi") Notice of Supplemental Authority ("Notice") for the following reasons:

First, the Notice is effectively a sur-reply. It goes beyond identifying newly issued authority and the material relevance of the authority concerning the Nation's request for injunctive relief. Kalshi advances arguments concerning "exclusive jurisdiction," implying Chairman Selig's statement supports preclusion of this Court's jurisdiction. Doc. 83 at 2 ("the injunction . . . would directly collide with federal regulation."); *but see* 7 U.S.C. § 2(a)(1)(A) ("Nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State."). Kalshi also seeks additional relief from the Court. Doc. 83 at 2 ("The Court should accordingly disregard Plaintiff's citations to the staff advisory."). The Notice, thus, exceeds the scope of

providing supplemental authority and, if considered by the Court, the Nation should be allowed to respond to Kalshi's mischaracterization of the legal significance of Chairman Selig's statement. *E.g.*, Doc. 83 at 2 ("making clear that, contrary to Plaintiff's argument, the CFTC has **not** prohibited Kalshi's sports contracts under the Special Rule." (original emphasis)).

Second, Kalshi attributes binding legal significance to a non-binding policy speech . Doc. 83-1 at 1. Chairman Selig's statement concerns prospective shifts in CFTC policy. The statement is not a formal agency interpretation of statutory or regulatory law and does not alter the operative law. *E.g.*, 7 U.S.C. § 7a-2(c)(5)(C)(i), 17 C.F.R. § 40.11(a); *see generally* 5 U.S.C. §§ 551 (APA definitions) and 553 (APA rulemaking); *see also Loper Bright v. Raimondo,* 603 U.S. 369, 412 (2024); *Kisor v. Wilkie*, 588 U.S. 558, 573 (2019) ("the possibility of [*Auer*] deference can arise only if a regulation is genuinely ambiguous . . . even after a court has resorted to all the standard tools of interpretation."). Withdrawal of CFTC Staff Letter 25-36 and proposed rulemaking titled "Event Contracts," 89 FR 48968-01 (2024), has no bearing on the current state of the law. Chairman Selig's statement points to no genuine ambiguity in the applicable statutory or regulatory law and provides no agency interpretation to resolve a genuine ambiguity. Any impact on the current, applicable law is purely speculative and not binding authority.

Third, in sharing these unsworn personal views, Mr. Selig appears to contradict the sworn testimony he provided to the Senate on November 19, 2025. There, as just one example, Senator Tina Smith asked Mr. Selig whether he could commit to enforcing the CFTC regulation prohibiting contracts relating to gaming from being offered. Under oath, Mr. Selig testified, "these are very challenging interpretive questions that I will look to the courts on." S. HRG. 119–214 at 13 (Nov. 19, 2025). To the extent that Mr. Selig is now suggesting that he does not think the Courts have authority to resolve "very challenging interpretive questions," he is contradicting his prior sworn

testimony. This contradiction further undermines the relevance and utility of the statement as an authoritative expression of the CFTC's position concerning the legality of sports event contracts. And, of course, he would be contradicting recent United States Supreme Court precedent as well. *See Loper Bright v. Raimondo,* 603 U.S. 369, 412 (2024).

Finally, Kalshi is wrong to suggest that the Court should disregard the staff advisory, CFTC Letter No. 25-36 (Sept. 30, 2025), because Mr. Selig directed the CFTC to withdraw the Letter. Doc. 83-1 at 5. In its request for a preliminary injunction, the Nation cited to the staff advisory to contradict Kalshi's claims that the CFTC had approved its sports events contracts—it had not—and that following the law would cause irreparable harm. (Doc. 79 at 16, 35, 39, 41.) The Letter remains relevant as to the status of approval of Kalshi's contracts and harm to Kalshi in assessing the equities. Withdrawal does not alter the Letter's relevance to legal issues before the Court in considering the Nation's request for an injunction.

For these reasons, the Ho-Chunk Nation objects to Defendants' Notice of Supplemental Authority and requests that the Court not consider the Supplemental Authority in rendering its decision on the Nation's request for an injunction, except to the extent it has the power to persuade.

QB\168080.00083\100790721.1

Dated:  February 11, 2026    */s/ Emily M. Feinstein*

QUARLES & BRADY LLP
Emily M. Feinstein
Bryce A. Loken
33 East Main Street, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Facsimile: 608.251.9166
Emily.Feinstein@quarles.com
Bryce.Loken@quarles.com

THE LAW OFFICES OF RAPPORT AND MARSTON
Lester J. Marston
Cooper M. DeMarse
405 West Perkins Street
Ukiah, CA 95482
Telephone: 707.462.6846
Facsimile: 707.462.4235
ljmarston@rmlawoffice.net

THE HO-CHUNK NATION
Michael P. Murphy, Legislative Counsel for Ho-Chunk Nation
P.O. Box 667
Black River Falls, WI 54615
Telephone: 715.284.9343
Michael.Murphy@ho-chunk.com

Attorneys for Plaintiff HO-CHUNK NATION

4

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Emily M. Feinstein*
Emily M. Feinstein

QB\168080.00083\100790721.1