**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HO-CHUNK NATION,<br><br>                    *Plaintiff*,<br>          v.<br><br>KALSHI INC., KALSHIEX LLC,<br>ROBINHOOD MARKETS, INC.,<br>ROBINHOOD DERIVATIVES LLC, AND<br>DOES 1-20,<br><br>                    *Defendants*. | Case No. 3:25-cv-00698 |

**KALSHI'S MEMORANDUM IN SUPPORT OF ITS COMBINED MOTION TO
CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER
DENYING IN PART AND GRANTING IN PART KALSHI'S MOTION
<u>TO DISMISS AND TO STAY PROCEEDINGS PENDING APPEAL</u>**

Defendants Kalshi Inc. and KalshiEX LLC (collectively, "<u>Kalshi</u>") respectfully submit this memorandum in support of their motion pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal the Court's May 11, 2026 order denying in part and granting in part Kalshi's motion to dismiss (ECF No. 97) (hereinafter the "<u>Order</u>") and to stay proceedings before this Court pending resolution of the appeal.

<u>**INTRODUCTION**</u>

On August 20, 2025, Plaintiff brought this suit alleging that Kalshi violated the Indian Gaming Regulatory Act ("<u>IGRA</u>"), violated Plaintiff's gaming ordinance, violated the Racketeer Influenced and Corrupt Organizations Act ("<u>RICO</u>"), infringed Plaintiff's sovereignty, and violated the Lanham Act.  *See* ECF No. 1.  Kalshi moved to dismiss for failure to state a claim. ECF No. 28.  On May 11, 2026, the Court issued the Order, which denied the motion as to the IGRA, gaming ordinance, and sovereignty claims, while granting it as to the RICO and Lanham

1

Act claims.  The Court analyzed the former three claims together, finding "little distinction" among them because all are "ultimately . . . grounded in IGRA."  Order at 8.

To Kalshi's knowledge, the Order is the first ever to hold that: (1) an alleged violation of a tribal gaming ordinance is actionable as a compact violation under IGRA; and (2) Indian tribes may regulate derivatives traded on designated contract markets ("DCMs") notwithstanding the Commodity Exchange Act's ("CEA") grant of exclusive jurisdiction to the Commodity Futures Trading Commission ("CFTC") over such transactions, and notwithstanding Congress's subsequent decision to carve out CEA-regulated transactions from the Unlawful Internet Gambling Enforcement Act ("UIGEA") (together, the "Issues for Certification").

The Order easily satisfies the standard for granting interlocutory appeal because (1) it involves controlling questions of law in this case; (2) there is substantial ground for difference of opinion on those questions; and (3) an immediate appeal from the Order will materially advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b).

A stay of these proceedings is also warranted pending the Seventh Circuit's disposition of Kalshi's petition for leave to appeal and, if leave is granted, the appeal itself.  Because the Issues for Certification go to the heart of the remaining claims, their resolution may dispose of this case or significantly narrow its scope.  Proceeding in this Court while the appeal is pending would impose substantial burdens on the parties and the Court that may ultimately prove unnecessary, while a stay would cause no meaningful prejudice to Plaintiff.

## ARGUMENT

### I.    THE COURT SHOULD CERTIFY THE ORDER TO THE EXTENT IT DENIED KALSHI'S MOTION TO DISMISS.

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that

such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Seventh Circuit has broken down section 1292(b) into four criteria to "guide the district court" in granting interlocutory appeals: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).

### A.    The Order Turns on Pure Questions of Law.

A case is suitable for interlocutory appeal if it "turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677.  Questions of law turn on "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676; *see also Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (holding that statutory definitions and the scope of permissible claims are questions of law); *Woodman's Food Mkt., Inc. v. Clorox Co.*, 2015 WL 13547584, at *1 (W.D. Wis. July 17, 2015) (holding that questions that "required the court to determine the scope and meaning" of statutory provisions are questions of law).

The Issues for Certification are pure questions of law because they turn solely on the appropriate interpretation of IGRA and its relationship to the CEA, UIGEA, and the gaming compact, and require no analysis of any factual record.  Indeed, the Court itself observed that Kalshi's motion to dismiss "present[s] only questions of law, not fact" and that, in any event, "the *material* facts are essentially undisputed." Order at 2, 3 n.1.

### B.    The Issues for Certification Are Controlling.

For purposes of section 1292(b), a question of law is controlling if its resolution is "likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter.*

3

*Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). This includes affecting the litigation by "sav[ing] time for the district court, and time and expense for the litigants." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Where the remaining claims hinge on the certified issues, resolution of the appeal is, at a minimum, "quite likely" to be controlling. *See Boone v. Ill. Dep't of Corr.*, 71 F.4th 622, 625 (7th Cir. 2023). At bottom, "the fact that [an issue] may in the end not prove decisive does not show that the [courts] were wrong to certify [a] ruling on the issue under 28 U.S.C. § 1292(b)." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 605 (7th Cir. 1997).

Here, the Issues for Certification are unquestionably controlling. A different resolution by the Seventh Circuit on either of the Issues for Certification would dispose of—or at least "quite likely" affect the course of—the proceedings before this Court. A ruling on either of the Issues for Certification in Kalshi's favor would either terminate the case entirely or, at a minimum, "affect the further course of the litigation." In particular, the remaining claims against Kalshi must be dismissed if the Seventh Circuit reverses this Court on either one of two questions of law: (1) whether an alleged violation of a tribal gaming ordinance is actionable as a compact violation under IGRA; or (2) whether the CEA's grant of exclusive jurisdiction to the CFTC bars Indian tribes such as Plaintiff from regulating derivatives traded on DCMs, as confirmed by UIGEA's express carve-out for transactions on DCMs in the context of internet gaming legislation. Even short of full dismissal, certification would significantly narrow the issues before the Court and spare both the Court and the parties substantial time and expense in connection with fact discovery, expert discovery, summary judgment briefing, and a trial.[1] *Cf. Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-06162 (N.D.

---

[1] Kalshi respectfully submits that there are additional, independent reasons for dismissal of Plaintiff's ordinance and sovereignty claims, *see* ECF No. 29, at 21-28, ECF No. 60, at 13-19, but agrees with the Court that they overlap substantially with Plaintiff's IGRA claim. Thus, clarity from the Seventh Circuit regarding the application of IGRA to those claims could well be dispositive and would at a minimum significantly narrow the issues.

Cal. May 22, 2026), ECF No. 87, at 4 (in a parallel case similarly analyzing whether Kalshi's "sports-related contracts constitute unauthorized gaming on Indian lands in violation of IGRA, tribal gaming ordinances, and [tribal] sovereignty," noting that a ruling on appeal "will offer guidance" on the claim because it "will likely simplify core issues" and "avoid[] inconsistent rulings").

Plaintiff may argue that this prong is not met because its pending motion for leave to amend the complaint (ECF No. 99) would revive its Lanham Act claim, such that an interlocutory appeal would not be controlling as to each of the now four claims. Not so. As Kalshi will explain in response to the motion for leave to amend, Plaintiff's proposed amendment is futile because it *still* does not provide "any definitive guidance regarding the legality of Kalshi's sports event contracts" or contradict the Court's holding that "no court [or] agency has yet to reject [Kalshi's] position in a definitive decision." Order at 27. The proposed Lanham Act claim therefore remains deficient as a matter of law. And in any event, even if the Court permitted amendment, resolution of the Issues for Certification would be controlling as to three of Plaintiff's four claims—more than enough to "quite likely . . . affect the further course of the litigation." *Sokaogon Gaming Enter.*, 86 F.3d at 659.

### C.    The Issues for Certification Are Contestable.

A question of law can be "contestable" for numerous reasons. Most fundamentally, "[t]here are substantial grounds for differences of opinion" where "no federal court has addressed" a disputed question or the question is "by no means settled in [the] circuit." *Woodman's*, 2015 WL 13547584, at *3. Novel questions where the scope of the law is "unsettled" are particularly susceptible to such differences. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626-27 (7th Cir. 2010) (certifying interlocutory appeal on a novel, unsettled question). Relatedly, "questions of first impression" are also "certainly contestable." *Boim*, 291 F.3d at 1007-08. And "[b]riefs regarding

certification themselves" can "show the contestability" of an issue where the "parties spend numerous pages" debating the application of relevant law. *Kohler Co. v. United States*, 2003 WL 21693705, at *2 (E.D. Wis. June 4, 2003). Conversely, a court's "reflexive application" of a statute "without discussion" "demonstrates that the issue is not truly contestable." *CMFG Life Ins. Co. v. Morgan Stanley & Co.*, 2014 WL 12725979, at *2 (W.D. Wis. Dec. 19, 2014).

Here, both Issues for Certification are contestable. The depth of the Court's analysis is revealing: the Order devotes twelve pages to the Issues for Certification, before concluding that Plaintiff's allegations are sufficient to state a claim under IGRA—far from a "reflexive application" of a statute. And in the course of that analysis, the Court itself acknowledges the contestability of each Issue.

First, each of the Issues for Certification raises a question of first impression, which alone is sufficient to render it contestable. With respect to the first Issue for Certification, the Court expressly noted the lack of Supreme Court or Seventh Circuit guidance on the matter. Order at 11. That is true of the second Issue for Certification as well.

Further, the second Issue for Certification concerning the application of the CEA to Kalshi's event contracts is clearly contestable in light of the many conflicting rulings around the country on this question, as the Court acknowledged. *See* Order at 21-22. Where legal standards are "in ferment," "seeking a clarifying decision that might head off protracted litigation is within the scope of section 1292(b)." *Text Messaging*, 630 F.3d at 626. That is precisely the case here, where appeals regarding the application of the CEA to Kalshi's event contracts are pending in the Fourth, Sixth, and Ninth Circuits—with New Jersey intending to petition the Supreme Court for review of the Third Circuit's decision in Kalshi's favor. *See KalshiEX LLC v. Flaherty*, No. 1:25-cv-02152 (D.N.J. May 19, 2026), ECF No. 41. One court has already recognized that a Ninth Circuit appeal is "likely [to]

clarify thorny questions of preemption and statutory interpretation which are core to" identical claims brought by other Indian tribes. *Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-06162 (N.D. Cal. May 22, 2026), ECF No. 87, at 4.

The related matter of whether UIGEA confirms that Congress did not intend IGRA to permit tribal regulation of transactions on DCMs is also subject to conflicting interpretations among courts. This Court held that "UIGEA does not make gambling legal or illegal" because it is a "non-substantive" law that "does not create any additional substantive prohibitions." Order at 17-19. But the only other court to have addressed similar issues understood the import of UIGEA very differently, agreeing with Kalshi that UIGEA confirms Congress's intent that the CEA's preemptive effect extends to the kind of cross-border, internet-based activity at issue here. *See Blue Lake Rancheria v. Kalshi Inc.*, 2025 WL 3141202, at *6 (N.D. Cal. Nov. 10, 2025); *see also Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-06162 (N.D. Cal. May 22, 2026), ECF No. 87, at 4-5 (referring to pending appeals raising issue of relationship between IGRA, UIGEA, and the CEA). Kalshi respectfully recognizes that this Court reached a different conclusion, but that is precisely the kind of divergence that renders an issue contestable for purposes of section 1292(b).

### D.    Certification Would Materially Advance This Action.

The final statutory requirement is that "an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail*, 672 F.3d 535, 536 (7th Cir. 2012). In other words, "resolution of the certified question promises to speed up the litigation" where the Court of Appeals may "conclude that no relief is available to the plaintiffs" or where "identification" of any available relief "would narrow the issue moving forward"—both of which would reduce the "time and money necessary to defend a law that, in [defendant's] view, caused no harm to the plaintiffs" in the first place. *Boone*, 71 F.4th at 625-26.

Here, the Issues for Certification clear the bar. If the Seventh Circuit reverses the Order as to either of the Issues, the Court must dismiss the surviving claims against Kalshi. If, like here, an appeal creates a possibility for the Issues to be resolved without trial, that strongly favors certification. *See Sokaogon*, 86 F.3d at 659 (finding the statutory requirement satisfied because "if [defendant] wins this appeal, the case will be over without the district court's having to try the issue"). And even if questions remain for the Court to dispose of, they will have been narrowed, saving substantial time and expense for all involved.

Plaintiff may argue that its pending motion to amend its complaint (ECF No. 99), if granted, would moot the efficiencies an appellate ruling would otherwise provide. That would be incorrect. An interlocutory appeal need only "promise[] to speed up the litigation," *Boone*, 71 F.4th at 625, a bar comfortably met where appellate review would significantly narrow the scope of this proceeding by resolving Plaintiff's core claims arising under IGRA.[2]  *Sterk* is directly on point. There, the Seventh Circuit granted a petition to certify over the plaintiff's objections that a pending motion to amend would defeat the final prong of section 1292(b), reasoning that the interlocutory appeal concerned the "main claim," rather than an alternative claim that plaintiff intended to add "perhaps just a life jacket." 672 F.3d at 536. The Seventh Circuit so ruled even though the plaintiff there sought to assert its alternative claim for the first time, unlike here where Plaintiff has already tried— and failed—to plead its alternative Lanham Act claim. And critically, Plaintiff's proposed amended complaint leaves its IGRA arguments unchanged. Consequently, even if Plaintiff's motion to amend is granted, a Seventh Circuit ruling on the Issues for Certification "*may* materially advance the ultimate termination of the litigation" because "if the appeal is not allowed, and the suit proceeds in

---

[2] Appellate resolution of the Issues for Certification would even advance the resolution of the amended Lanham Act claim due to the claim's reliance on the application of IGRA and the CEA to Kalshi's event contracts. *See* ECF No. 99-2, Fourth Cause of Action (analyzing IGRA and the CEA with relation to false advertising under the Lanham Act).

the district court on both [] claims, the completion of the litigation will take longer than if the [original] claim is out of the case." *Id.*

## II.    THE PROCEEDINGS SHOULD BE STAYED PENDING THE SEVENTH CIRCUIT'S DISPOSITION OF THE PETITION FOR LEAVE TO APPEAL AND ENSUING RESOLUTION OF THE APPEAL.

Because certification of the Order for interlocutory appeal promises either to resolve this litigation outright or to substantially narrow its scope, Kalshi respectfully requests that the Court stay all proceedings while the Seventh Circuit determines whether to grant leave to appeal and, if leave is granted, pending resolution of the appeal.  *See* 28 U.S.C. § 1292(b); *Briggs & Stratton Corp. v. Kohler Co.*, 2006 WL 5866672, at *1 (W.D. Wis. July 12, 2006).

In deciding whether to stay proceedings pending appeal, courts in this District consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Espenscheid v. DirectSat USA, LLC*, 2011 WL 2132975, at *2 (W.D. Wis. May 27, 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)), *aff'd*, 705 F.3d 770 (7th Cir. 2013); *see also A&F Enters., Inc. II v. IHOP Franchising LLC (In re A&F Enters., Inc. II)*, 742 F.3d 763, 766 (7th Cir. 2014) ("The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction.").  A movant need not make a positive showing on each factor; rather, the factors are weighed against one another, and a stay may issue even where success on the merits is uncertain.  *See Espenscheid*, 2011 WL 2132975, at *2.  Here, each factor weighs decisively in favor of a stay.

### A.    <u>Kalshi Is Likely to Succeed on the Merits.</u>

Kalshi recognizes that the Court disagrees with the arguments Kalshi has raised on Plaintiff's IGRA, ordinance, and sovereignty claims, but respectfully submits that it has a fair

prospect of ultimately prevailing on these thorny and entirely novel questions of law.  That is all that Kalshi has to show.  *See id.* at \*2 (granting stay pending a section 1292(b) interlocutory appeal, despite it being "unlikely" that appellants would succeed on the merits of appeal).  Because none of the Issues have been resolved by the Supreme Court or the Seventh Circuit, and because the federal courts to have addressed them have reached divergent conclusions, the outcome of the appeal remains genuinely open.  *See Blue Lake Rancheria*, 2025 WL 3141202, at \*4-8 (disagreeing with the Order regarding the application of IGRA to Kalshi's event contracts); *see Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-06162 (N.D. Cal. May 22, 2026), ECF No. 87, at 4 (staying proceedings in case raising identical claims, noting their "complexity and novelty"); *compare* ECF Nos. 85-1, 91-1 *with* ECF No. 87-1.

As the Court recognized in declining to enjoin Kalshi's conduct, Plaintiff's surviving claims raise "substantial legal and regulatory questions."  Order at 24.  The same considerations that counseled the Court against disturbing the status quo by entering a preliminary injunction likewise weigh in favor of a stay pending appeal while these unresolved statutory questions are litigated to conclusion.

**B.**     **Kalshi Will Be Irreparably Harmed Absent a Stay While Plaintiff Will Not Be Substantially Injured by a Stay.**

Absent a stay, Kalshi, Plaintiff, and the Court will be forced to expend substantial resources litigating—and potentially trying—claims that the Seventh Circuit may determine cannot be maintained against Kalshi as a matter of law.  Even if Kalshi ultimately prevails, Plaintiff is likely to contend that Kalshi cannot recover those costs from Plaintiff in light of Plaintiff's sovereign immunity.  *See Ledbetter v. Baldwin*, 479 U.S. 1309, 1310 (1986) (finding irreparable harm where "it is unlikely that [the party] would be able to recover [] costs" incurred absent stay).  Beyond the litigation burden, Kalshi faces irreparable harm to its reputation and to its CFTC-regulated

business from an adverse liability finding premised on novel statutory holdings that the Seventh Circuit may ultimately reject. *See Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 546 (7th Cir. 2021) ("loss of goodwill and reputation . . . can constitute irreparable harm").

On the other hand, a stay "does not, by itself, establish *undue* prejudice" and a stay here would impose no meaningful prejudice to Plaintiff. *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016). In denying Plaintiff's motion for a preliminary injunction—relief with far more disruptive consequences than a stay—the Court has already found that Plaintiff has "failed to show that it will suffer . . . immediate and irreparable harm," whether economic or non-economic. Order at 24. That finding alone is sufficient to satisfy this stay factor. *See A&F*, 742 F.3d at 766 (standard for stay pending appeal is identical to standard for preliminary injunction).

### C.    The Public Interest Strongly Favors a Stay and Certification.

The Order is the first decision of its kind and its ramifications extend well beyond the parties to this suit. The proper interpretation of IGRA and its intersection with UIGEA, the CEA, and the activities of DCMs could affect billions of dollars in transactions on financial exchanges nationwide. The CFTC's and United States' lawsuits defending the CFTC's exclusive jurisdiction against states attempting to regulate DCMs, *see, e.g.*, ECF Nos. 89-2, 89-3, 89-4, 95-1, underscore the significant public interest in the legal and regulatory environment of these markets.

Obtaining appellate review now will substantially reduce legal uncertainty for the parties operating in these markets and promote judicial efficiency by avoiding the unnecessary expenditure of resources on claims that may ultimately be foreclosed. By contrast, proceeding with discovery, dispositive motions, and trial on the basis of novel and contested statutory holdings risks generating duplicative litigation, inconsistent rulings, and piecemeal appellate review across

11

multiple districts and circuits. *See also Blue Lake Rancheria v. Kalshi Inc.*, No. 3:25-cv-06162 (N.D. Cal. May 22, 2026), ECF No. 87, at 4 (staying parallel case pending appeal to avoid "issu[ing] decisions that conflict with the [appellate court]'s ruling").

## CONCLUSION

For these reasons, Kalshi respectfully requests that the Court (i) certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its May 11, 2026 Order denying in part and granting in part Kalshi's motion to dismiss, and (ii) stay all proceedings in this action while the Seventh Circuit determines whether to grant leave to appeal and, if granted, pending the Seventh Circuit's resolution of the Issues for Certification.

Dated: May 29, 2026                                Respectfully submitted,

                                          */s/ Olivia S. Choe*
                                          Sarah A. Zylstra (State Bar No. 1033159)
                                          szylstra@boardmanclark.com
                                          BOARDMAN & CLARK LLP
                                          1 South Pinckney Street, Suite 410
                                          P.O. Box 927
                                          Madison, WI 53701
                                          Telephone: (608) 257-9521
                                          Facsimile: (608) 283-1709

                                          Olivia S. Choe
                                          ochoe@milbank.com
                                          Joshua B. Sterling
                                          jsterling@milbank.com
                                          MILBANK LLP
                                          1101 New York Avenue, NW
                                          Washington, D.C. 20005
                                          Telephone: (202) 835-7500
                                          Facsimile: (202) 263-7586

                                          Grant R. Mainland
                                          gmainland@milbank.com
                                          Karen Wong
                                          kwong3@milbank.com

Victor Hollenberg
vhollenberg@milbank.com
MILBANK LLP
55 Hudson Yards New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Defendants Kalshi Inc. and
KalshiEX LLC*

13

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Olivia S. Choe
Olivia S. Choe