# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

HO-CHUNK NATION,

      Plaintiff,

      v.

KALSHI INC., KALSHIEX LLC,
ROBINHOOD MARKETS, INC.,
ROBINHOOD DERIVATIVES LLC,
and DOES 1-20,

      Defendants.

    Case No.: 25-cv-698

---

### PLAINTIFF HO-CHUNK NATION'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

The Ho-Chunk Nation (the "Nation"), by and through its legal counsel, asks this Court for leave to amend its Complaint in two regards concerning the Nation's False Advertising claims. In its May 11, 2026 Opinion and Order, this Court applied a rule derived from *Coastal Abstract* and *Dial A Car* which states that for a statement about legality to be actionable under the Lanham Act, there must be a "clear and unambiguous" ruling from a court or agency on the issue. (Dkt. 97, at 24–27). The Nation now seeks to replead its Lanham Act claims to both comply with the *Coastal Abstract* and *Dial A Car* rule for one set of statements, and assert that a second group of Kalshi's statements are actionable that do not involve the *Coastal Abstract* and *Dial A Car* rule.

In its Proposed Amended Complaint, the Nation alleges that Kalshi's statements that its offerings are "50 State Legal" are actionable as false statements because the Indian Gaming Regulatory Act ("IGRA") is clear and unambiguous on its face as it pertains to class III gaming on

1

the Nation's Indian Lands—and has been for 35 years—and IGRA has been affirmed by the Supreme Court. (*See* Dkt. 99-2, ¶¶ 92, 141–46).[1] As this Court acknowledged, Kalshi has yet to dispute that "its sports events contracts qualify as 'class III gaming' under IGRA." (Dkt. 97, at 9). Thus, under IGRA—a well-settled law by virtue of the Supreme Court's *Bay Mills* holding— Kalshi's "50 State Legal" statements are actionable as a false advertising claim under the Lanham Act. For the reasons stated below, Kalshi's straw man argument fails, and the Nation's amendment is hardly futile.

Additionally, or alternatively, the Nation seeks leave to amend its complaint to add allegations surrounding another set of Kalshi advertising statements that are false or misleading— that Kalshi's platform(s) offer "Sports Betting" or "Sports Gaming." Unlike Kalshi's "50 State Legal" statements, Kalshi's "Sports Betting" statements are not about "legality" but rather about the nature or characteristics of Kalshi's platform(s). These statements form quintessential Lanham Act false advertising claims wherein a defendant makes false or misleading statements about the nature, character, or quality of its goods or services. The Nation's proposed amendments add allegations regarding the various "Sports Betting" statements Kalshi has made and make clear that Kalshi's "Sports Betting" statements are separate and apart from Kalshi's "50 State Legal" statements. (*See* Dkts. 99-2, ¶¶ 92, 108–10, 141, 147–48). Kalshi does not, because it cannot, deny it made these statements. Further it is unquestionable that these statements **_do not_** relate to the "legality" of Kalshi's conduct. Thus, contrary to Kalshi's sole argument against leave to amend, these "Sports Betting" or "Sports Gaming" statements did not form the basis of this Court's May

---

[1] Filed as Dkt. 99-2 is a redline comparing the Nation's Original Complaint (Dkt. 1) with its proposed Amended Complaint (Dkt. 99-1). In creating this redline paragraph number 109 (the number itself) was inadvertently deleted. The paragraph numbering at Dkt. 99-1 therefore does not match the numbering shown at Dkt. 99-2 starting at paragraph 108. The Nation cites to Dkt. 99-2 in this brief.

11 Opinion and Order because they do not implicate legality or the rules this Court applied as set forth in *Coastal Abstract* and *Dial A Car*. (Dkt. 97, at 24–27).

**I.      The Nation Seeks Leave to Amend to Allege that IGRA is the Clear and Unambiguous Legal Authority that Renders Kalshi's Statements Regarding Legality False or Misleading.**

The Nation's Proposed Amended Complaint repleads the Nation's Lanham Act claim regarding Kalshi's statements that it is "50 State Legal" in compliance with the *Coastal Abstract* and *Dial A Car* rule by relying on IGRA. Because IGRA is clear and unambiguous on its face and has been affirmed by the Supreme Court, Kalshi's statements are actionable.

The *Coastal Abstract* and *Dial A Car* rule states that for a statement about legality to be actionable under the Lanham Act, there must be a "clear and unambiguous" ruling from a court or agency on the issue, *or* the statute that sets the legal standard must be "so clear on its face that no good faith doubt concerning its interpretation would be possible, even without an explicit statement from" a court or agency. *Coastal Abstract Services, Inc. v. First American Title Insurance* Company, 173 F.3d 725, 731 (9th Cir. 1999); *Dial A Car, Inc. v. Transportation, Inc.*, 82 F.3d 484, 489 n.3 (D.C. Cir. 1996). The "so clear on its face" aspect of the *Coastal Abstract* and *Dial A Car* rule was recognized in every case cited by this Court in its May 11 Opinion and Order. *See* (Dkt. 97, at 26–27); *Azurity Pharms., Inc. v. Edge Pharma, LLC*, 45 F.4th 479, 493 (1st Cir. 2022); *Dental Recycling N. Am., Inc. v. Stoma Ventures*, LLC, No. 4:23 CV 670 CDP, 2023 WL 6389071, at *4 (E.D. Mo. Oct. 2, 2023); *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2010 WL 3000178, at *4 (N.D. Ill. July 28, 2010); *Sierra Shelving, Inc. v. Design Assistance Constr. Sys., Inc.*, No. 2:07CV281, 2008 WL 11512375, at *6 (E.D. Va. May 13, 2008). Here, the Nation relies on IGRA in its Proposed Amended Complaint. As shown below, IGRA is both clear and unambiguous on its face, and has been affirmed by the Supreme Court.

QB\103007739.5

Kalshi made false statements when it advertised that its platform(s) or offerings are legal in all 50 states (i.e. nationwide) because IGRA is clear, well-settled, law that this Court made clear applies to Kalshi's conduct occurring on the Nation's Indian Lands. Over 35 years ago, Congress passed IGRA which states that class III gaming (which includes sports betting) is only legal on Indian Lands if it is: (1) authorized by the Tribe; (2) allowed in the state where the Indian lands are located; *and* (3) conducted in conformance with a Tribal-State compact. 25 U.S.C. § 2710(d)(7)(a)(ii). In passing IGRA, Congress made it clear that tribes—and no one else—can operate gaming on Indian Lands. 25 U.S.C. § 2701(5), § 2702, § 2710(d).

In its Proposed Amended Complaint, the Nation relies on IGRA to allege that Kalshi's "50 State Legal" statements are false, or at minimum misleading. IGRA meets the *Coastal Abstract* and *Dial A Car* rule because IGRA provides the clear and unambiguous standard regarding who can conduct **legal** class III gaming on all Indian Lands. 25 U.S.C. § 2710(d). IGRA is both clear on its face and has been affirmed by the Supreme Court. Nor can there even be a suggestion that Congress removed some of the tribal rights recognized in IGRA through some other law that makes no reference to IGRA. For decades, courts have clearly and unambiguously held that Congress does not "abrogate tribal sovereign authority without expressly saying it is doing so." (Dkt. 97, at 22) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978), *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987), and *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001)).

Kalshi is wrong to suggest that *Coastal Abstract* or *Dial A Car* render the Nation's Proposed Amended Complaint futile. Neither case dealt with clear statements from Congress enacted over 35 years before the false advertisements at issue which have since been affirmed by the Supreme Court. The court in *Coastal Abstract Services, Inc. v. First American Title Insurance Company* concluded that whether a California law applied to the plaintiff's activities was unsettled.

173 F.3d at 731. As a result, the court concluded that the defendant's statements claiming the plaintiff's activities violated that law were "opinion statements, and not statements of fact." *Id.* Similarly, the court in *Dial A Car, Inc. v. Transportation, Inc.,* concluded that it was unsettled whether defendants' services were legal under an order from the D.C. Taxicab Commission Office and thus defendants' statements were unactionable opinions. 82 F.3d at 489. Here, however, Kalshi's "50 State Legal" statements must be actionable statements given the fact that Congress made clear and unambiguous that class III gaming on Indian Lands could only be conducted by tribes, which the Supreme Court affirmed in *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014).

Thus, even under the rules set forth in *Coastal Abstract* or *Dial A Car*, Kalshi's "50 State Legal" statements are actionable under the Lanham Act because IGRA is "clear on its face" that Kalshi cannot offer class III gaming on the Nation's Indian Lands and the Supreme Court affirmed IGRA in *Bay Mills*.

## II. Kalshi Cannot Show futility by Quibbling Over What Parts of What States have Indian Lands.

Recognizing the weakness of its position, Kalshi, for the first time, suggests its statements about 50 state legality can still be true because "Indian tribes are not states." As a threshold matter, a motion to amend a complaint is no place to raise novel arguments regarding the merits of a Lanham Act claim. Interpretation of the statement goes to the merits of a Lanham Act claim. That Kalshi raises a novel argument on the merits shows the distinctiveness and lack of futility of the Nation's Proposed Amended Complaint.

Further, no one said that Indian tribes are states. Rather, the Nation alleged that federally recognized Indian Lands exist within over 35 states. Congress recognized Indian Lands are within states' boundaries in IGRA. *See, e.g.,* 25 U.S.C. § 2710(d). Indeed, Congress recognized tribes

5

could provide states with jurisdictional consent to enforce state criminal gambling laws with respect to conduct on the tribes' Indian Lands. 18 U.S.C. § 1166.[2] Kalshi has not and cannot suggest that Indian Lands are not part of states, or within their boundaries, especially considering that states' criminal gambling laws are enforceable over conduct occurring on Indian Lands pursuant to federal law. Thus, even if Kalshi is right that state criminal gambling laws are pre-empted by the CEA (it is not), the Nation has alleged in its Proposed Amended Complaint that Kalshi's "50 State Legal" statements are actionable.

At best, Kalshi argues its "50 State Legal" advertising statements are not literally false, just misleading because sports betting is legal within certain areas of the 35 states with IGRA controlled tribal gaming. While the Nation disagrees, the Nation's proposed amended complaint makes clear that Kalshi's advertising statements are misleading and confuse consumers. (Dkt. 99-2, ¶¶ 92, 140, 156). And, this Court has explained that misleading advertisements that confuse customers can be the basis of a Lanham Act claim. (Dkt. 97, at 25 (citing *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 382 (7th Cir. 2018)); *see also Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 13 (7th Cir. 1992) (reversing denial of preliminary injunction because, *inter alia*, advertising had tendency to mislead consumers regarding the product).

---

[2] The Nation, in its Compact, consented to the state of Wisconsin to be able to prosecute violations of the state's criminal gambling laws that occur on its Indian Lands as allowed under 18 U.S.C. § 1166(d). Kalshi argues that Wisconsin's state laws are pre-empted by the CEA, but Congress federalized those state laws in IGRA so, with respect to conduct on Indian Lands, this argument lacks merit. 18 U.S.C. § 1166(d). Kalshi is left repeating its argument that its conduct does not violate Wisconsin's criminal gambling laws. The State of Wisconsin, which has sued Kalshi seeking a declaration that Kalshi's repeated violations of the state's criminal gambling laws has created a public nuisance, disagrees. Complaint, *State of Wisconsin v. Kalshi, Inc.,* Case No. 3:26-cv-378 (W.D. Wis.).

**III.    Kalshi Fails to Meaningfully Rebut the Nation's Amended Allegations Concerning Kalshi's "Sports Betting" Advertising Statements.**

Kalshi incorrectly argues this Court rejected the Nation's additional/alternative Lanham Act theory regarding Kalshi's "Sports Betting" or "Sports Gaming" advertising statements. Unlike the Nation's Original Complaint, the Nation's Proposed Amended Complaint specifically states the Nation is advancing its Lanham Act claim on "two groups of false or misleading advertising statements." (Dkt. 99-2, ¶¶ 92, 141). The Nation's Proposed Amended Complaint specifically refers to the second group of statements regarding "Sports Betting" or "Sports Gaming" as an "additional[] and/or alternative[]" theory. (Dkt. 99-2, ¶ 147). Even if the Nation's Original Complaint contains reference to statements that included the terms "Sports Betting" or "Sports Gaming," it is undeniable that the Nation's Proposed Amended Complaint (i) separates those statements from Kalshi's "50 State Legal" statements and (ii) adds allegations regarding the distinction between Kalshi's "50 State Legal" statements and the Nation's  second group of statements regarding the nature or characteristics of Kalshi's platform(s) (i.e. "Sports Betting" or "Sports Gaming"). (*See* Dkt. 99-2, ¶¶ 92, 141, 142–48).

Moreover, Kalshi omits, or fails to address, the fact that the Nation's Proposed Amended Complaint adds new allegations regarding Kalshi's "Sports Betting" statements not previously alleged, including allegations regarding why Kalshi used the terms "Sports Betting" or "Sports Gaming" and that Kalshi ceased using said terms after complaints.  (*See* Dkt. 99-2, ¶¶ 147–48).

The Nation's additional/alternative Lanham Act theory is a classic false-advertising claim: Kalshi falsely described the nature of its product. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 817–19 (7th Cir. 1999). The Nation's Proposed Amended Complaint alleges that Kalshi advertised its platform(s) as offering "Sports Betting" or "Sports Gaming" while simultaneously telling regulators that Kalshi merely "operates as a designated contract market offering event

QB\103007739.5

contracts under the CEA and as reflected in the regulatory framework administered by the CFTC." (Dkt. 99-2, ¶ 147). Thus, even under Kalshi's own description, commodity exchanges like Kalshi do not offer "Sports Betting" or "Sports Gaming." The Nation's Proposed Amended Complaint further alleges that Kalshi stopped using those terms after Kalshi received complaints because Kalshi knew its statements were false or misleading. (*Id.*, ¶ 148). The Nation's Proposed Amended Complaint also alleges that Kalshi used "Sports Betting" or "Sports Gaming" because consumers would have been less likely to use the platform(s) had Kalshi accurately described its platform(s) as "a designated contract market offering event contracts under the CEA." (*Id.*, ¶¶ 147–48, 156).

Finally, Kalshi does not, because it cannot, point to a single statement in this Court's Opinion and Order where this Court addressed and dismissed the Nation's additional/alternative Lanham Act theory. (*See generally* Dkt. 97). This Court dismissed the Nation's Lanham Act claim based entirely on the rules stated in *Coastal Abstract* and *Dial A Car* concerning statements about "legality." (*See id.* at 24–27). The rule articulated in *Coastal Abstract* and *Dial A Car* has no application to the Nation's additional/alternative Lanham Act theory because the "Sports Betting" or "Sports Gaming" statements have nothing to do with legality—they are quintessential advertising statements regarding the nature or characteristics of a good or service.

Kalshi is therefore wrong to suggest that the Nation's Proposed Amended Complaint is merely rehashing the same arguments, and this Court should find that the Nation's additional/alternative Lanham Act theory may be added to the Nation's Proposed Amended Complaint.

## IV. Kalshi's Remaining Arguments Fail to Demonstrate Futility.

Kalshi's remaining arguments fail to render the Nation's Proposed Amended Complaint futile. In paragraph 157 of the Nation's Proposed Amended Complaint, the Nation alleges that Kalshi's false advertising have injured the Nation's commercial interests in sales. (Dkt. 99-2, ¶

157). Kalshi suggests that the Nation must provide evidence to support this allegation, but offers no legal support for why more is necessary at the pleading stage. Further, in response to the Nation's Motion for a Preliminary Injunction, Kalshi's own expert acknowledged at least a seven percent overlap. (Dkt. 65, ¶ 32 (opining that the overlap between online customers—Kalshi's customers—and in-person customers—the Nation's customers—is "approximately 7%").

## CONCLUSION

For the reasons set forth above, and in the Nation's Motion, the Nation requests leave to amend its complaint to add two distinct sets of allegations supporting the Nation's claim for Lanham Act False Advertising pursuant to 15 U.S.C. § 1125(a)(1)(B). In drafting the Nation's Proposed Amended Complaint, the Nation carefully incorporated this Court's conclusions as to the applicable law, incorporated allegations pursuant to IGRA that meets the Court's conclusions, and added allegations establishing Kalshi's "Sports Betting" or "Sports Gaming" advertising statements create an independent false advertising cause of action. The Nation respectfully requests that this Court reject Kalshi's arguments and allow the Nation to amend its Complaint as proposed.

QB\103007739.5

Dated: June 12, 2026                    */s/ Emily M. Feinstein*

QUARLES & BRADY LLP
Emily M. Feinstein
Bryce A. Loken
33 East Main Street, Suite 900
Madison, WI 53703
Telephone: 608.251.5000
Facsimile: 608.251.9166
Emily.Feinstein@quarles.com
Bryce.Loken@quarles.com

THE LAW OFFICES OF RAPPORT AND
MARSTON
Lester J. Marston
Cooper M. DeMarse
405 West Perkins Street
Ukiah, CA 95482
Telephone: 707.462.6846
Facsimile: 707.462.4235
ljmarston@rmlawoffice.net

THE HO-CHUNK NATION
Michael P. Murphy, Legislative Counsel for
Ho-Chunk Nation
P.O. Box 667
Black River Falls, WI 54615
Telephone: 715.284.9343
Michael.Murphy@ho-chunk.com

Attorneys for Plaintiff HO-CHUNK
NATION

10

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Emily M. Feinstein*
Emily M. Feinstein

11

QB\103007739.5